USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/26/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Umar Alli, | |
| Plaintiff, | 1:22-cv-07616 (RA) (SDA) |
| -against- | ORDER |
| Warden Sharlisa Walker, et al., | |
| Defendants. | |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiff's application for appointment of pro bono counsel. (Pl.'s Appl., ECF No. 4.) For the reasons set forth below, Plaintiff's application is DENIED WITHOUT PREJUDICE.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to grant an indigent litigant's request for pro bono representation. *See id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis statute*, a court has no authority to "appoint" counsel, but instead, only may "request" that an attorney volunteer to represent a litigant. *See Mallard v. US. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts therefore must grant applications for pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for pro bono counsel. 802 F .2d at 61-62. Of course, the litigant first must demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court then must consider whether the litigant's claim "seems likely to be of substance"— "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court next must consider such factors as: the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Plaintiff filed a Request to Proceed in Forma Pauperis, which the Court granted, demonstrating that Plaintiff is indigent. (*See* 9/7/22 Order, ECF No. 5.) Thus, he is eligible for the appointment of pro bono counsel. However, on the current record, the Court cannot determine that Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d at 61-62. Thus, appointment of counsel is not appropriate at this time. *See De Jesus v. Santiago*, No. 22-CV-09559 (CS), 2023 WL 1967518, at *1 (S.D.N.Y. Feb. 13, 2023) ("Because it is too early in the proceedings for the

Court to assess the merits of the action and whether appointment of counsel is warranted, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.").

For these reasons, Plaintiff's application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE. As previously set forth in the Court's March 10, 2023 Order, Plaintiff may consult the New York Legal Assistance Group legal clinic regarding his case. (*See* 3/10/23 Order, ECF No. 20.)

**SO ORDERED.**

Dated:   New York, New York
　　　　 March 26, 2023

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　STEWART D. AARON
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge