USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Umar Alli,

                Plaintiff,

-against-

Warden Sharlisa Walker, et al.,

                Defendants.

1:22-cv-07616 (DEH) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, on March 26, 2023, this Court issued a *Valentin* Order (3/26/23 *Valentin* Order, ECF No. 27); and

WHEREAS, on May 25, 2023, the New York City Law Department ("Law Department") filed a letter in "partial response" to the *Valentin* Order (Law Dept.'s 5/25/23 Ltr., ECF No. 30); and

WHEREAS, on June 29, 2023, Plaintiff filed an Amended Complaint adding additional defendants (Am. Compl., ECF No. 32); and

WHEREAS, on July 5, 2023, Plaintiff filed a letter requesting, *inter alia*, a *Valentin* Order for any remaining John Doe defendants (Pl.'s 7/5/23 Ltr., ECF No. 34); and

WHEREAS, on July 13, 2023, this Court issued an Order directing the Law Department to supplement its response to the March 26, 2023 *Valentin* Order and to ascertain the identities of each additional defendant whom Plaintiff sought to sue in his Amended Complaint, and the address where those defendants may be served (7/13/23 Order, ECF No. 37); and

WHEREAS, on July 31, 2023, Defendants City of New York and Warden Sharlisa Walker filed a letter in response to the July 13, 2023 Order (Law Dept.'s 7/31/23 Ltr., ECF No. 38); and

WHEREAS, on August 1, 2023, this Court issued an Order directing Plaintiff, no later than August 22, 2023, to provide the Law Department with a physical description of the individuals identified in paragraph 1 of the Order (8/1/23 Order, ECF No. 39); and

WHEREAS, Plaintiff failed to meet the foregoing August 22, 2023 deadline (*see* Defs.' 9/12/23 Ltr. Mot., ECF No. 40, at 1); and

WHEREAS, on September 12, 2023, the Law Department filed a Letter Motion "request[ing] that the Court either (a) compel Plaintiff to provide physical descriptions of the individuals he intends to sue and alleged facts concerning what they are alleged to have done by a date certain or (b) relieve [the Law Department] of its obligation to identify those individuals" (Defs.' 9/12/23 Ltr. Mot. at 1); and

WHEREAS, on September 13, 2023, the Court granted the Law Department's Letter Motion, stating, in relevant part, that, "[i]f Plaintiff still wishes to name as Defendants the individuals listed in paragraph 1 of the Court's 8/1/23 Order . . ., then no later than October 2, 2023, Plaintiff shall provide physical descriptions of such individuals" (9/13/23 Order, ECF No. 41); and

WHEREAS, during a telephone conference held on October 16, 2023, Plaintiff indicated that he had recently sent to the Court a letter containing the required physical descriptions (*see* 10/16/23 Order, ECF No. 47); and

WHEREAS, on October 16, 2023, the Court issued an Order stating that it would enter a further Order with respect to the unidentified defendants after the Court had reviewed the letter that Plaintiff claimed to have sent (*see* 10/16/23 Order); and

WHEREAS, because the Court had not received the letter that Plaintiff claimed to have sent prior to the October 16 conference, on November 16, 2023, the Court issued an Order extending the deadline for Plaintiff to file a letter providing physical descriptions of the individuals listed in paragraph 1 of the Court's August 1, 2023 Order from Monday, October 2, 2023 until December 15, 2023, and stating that, if Plaintiff failed to comply with this deadline, he could be precluded from naming such individuals as Defendants (*see* 11/16/23 Order, ECF No. 50); and

WHEREAS, on December 12, 2023, a letter from Plaintiff was filed to the ECF docket, dated November 30, 2023, stating, *inter alia*, that "[t]he physical appearance of [the unidentified] defendants are not fully known," but that they "can be identified via official documents and reports." (Pl.'s 11/30/23 Ltr., ECF No. 51, at 1.)

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court separately shall enter an Order of Service regarding the previously identified defendants that are named in the Amended Complaint. (*See* Am. Compl., ECF No. 32.)

2. The Law Department is otherwise relieved of its obligation to identify the remaining unidentified defendants (*see* 8/1/223 Order, ECF No. 39, ¶) at this time. Although Plaintiff contends that these individuals can be identified via official documents, the Law Department previously has represented that it is unable to do without further information from Plaintiff (*see, e.g.*, 9/12/23 Letter Motion, ECF No. 40, at 2) and Plaintiff indicates that he is unable to provide additional information such as a physical description. (*See* Pl.'s 11/30/23 Ltr. at 1.) However, Plaintiff may seek

discovery regarding the identity of any of the remaining defendants and may seek to amend his pleading at a later date as appropriate. *See Johnson v. Rodriguez*, No. 21-CV-00606 (JLS), 2023 WL 3194837, at *2 (W.D.N.Y. Apr. 28, 2023) ("plaintiffs are 'freely permit[ted] . . . to initially name John Doe defendants and then amend their complaint to identify those John Does when discovery reveals their identities.'" (quoting *Catcove Corp. v. Heaney*, 685 F. Supp. 2d 328, 339 n.4 (E.D.N.Y. 2010)).

**SO ORDERED.**

Dated:   New York, New York
         December 18, 2023

_____
STEWART D. AARON
United States Magistrate Judge